# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**BOBBY LEE PHILLIPS, JR.**                                                          **PLAINTIFF**
**ADC #117315**

**V.**                    **CASE NO. 5:17-CV-330-BRW-BD**

**RORY L. GRIFFIN, et al.**                                                          **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**    **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. Any party is free to file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, any right to appeal questions of fact may be lost.

**II.**    **Discussion**

   A.  Background

   Bobby Lee Phillips, Jr., an Arkansas Department of Correction ("ADC") inmate, filed this civil lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) Mr. Phillips claims that Defendants Griffin, Horan, Bland, Griswold, and Haynes failed to provide him proper treatment for a hand injury, which resulted in the loss of

motion and permanent damage to his finger. Based on those allegations, Mr. Phillips was allowed to proceed on deliberate-indifference claims against Defendants Griffin, Horan, Bland, Griswold, and Haynes. The Court dismissed Mr. Phillips's claims against Defendant Knight. (#8)

All Defendants then moved for summary judgment, arguing that Mr. Phillips failed to exhaust his administrative remedies. (#13, #40) The Court granted Defendant Griffin's motion, and dismissed Mr. Phillips's claims against Defendant Griffin, without prejudice. (#63) In addition, the Court granted the Medical Defendants' motion for summary judgment, in part, and dismissed Mr. Phillips's claims against Defendant Horan. (*Id.*) Mr. Phillips was permitted to proceed on his claims against Defendants Bland, Griswold, and Haynes.

Mr. Phillips has now moved for summary judgment on his claims against the remaining Defendants. (#96) Defendants Bland, Griswold, and Haynes have also moved for summary judgment on the merits of Mr. Phillips's claims against them. (#101) Mr. Phillips has responded to the Defendants' motion (#105, #106); and both motions are now ripe for review.

B. Undisputed Factual History

On September 27, 2016, Mr. Phillips appeared for a chronic care visit complaining that he had injured his right hand several days earlier in a fall.[1] (#102-1 at p.1) At that

---

[1] Mr. Phillips's medical records indicate that the fall took place five days before Dr. Horan examined him. (#102-1 at p.1) Mr. Phillips, however, disputed that assertion in his deposition. (#102-2 at p.30) He explained that Dr. Horan examined him within forty-eight hours of the fall. (*Id.* at p.29)

time, Dr. Horan noted that Mr. Phillips's right had was red and swollen. (*Id.*) He also noted that his hand was "most tender" over the fifth metacarpal. (*Id.*) Dr. Horan prescribed 600 milligrams of ibuprofen to be taken twice daily. (*Id.*) He also entered a prescription for one-arm duty for Mr. Phillips, expiring on October 31, 2016, and ordered an x-ray of Mr. Phillips's right hand. (*Id.*)

On September 30, Mr. Phillips underwent an x-ray examination of his right hand. (*Id.* at p.11) Those results revealed: an old fracture of the distal 2nd metacarpal; an old fracture of the 6th metacarpal; an acute fracture of the proximal 5th metacarpal; and a probable old avulsion fracture of the dorsal wrist. (*Id.*) Therefore, Mr. Phillips had three old fractures that had healed, and a new fracture of the proximal fifth metacarpal. (*Id.*)

On the same day, the ADC medical department notified Mr. Phillips that, based on his x-ray results, he would be scheduled for a follow-up appointment with a provider. (*Id.* at p.10)

On October 2, an unknown nurse authorized a "lay-in" for Mr. Phillips for 72 hours while he waited for his x-ray results. (*Id.* at p.12) On October 4, Mr. Phillips was transferred to segregation. (*Id.* at p.14)

Between October 4 and October 15, nurses made regular rounds in segregation. Mr. Phillips did not voice any health complaints during that time. (*Id.* at pp.14-15)

On October 12, however, Mr. Phillips submitted a health service request form requesting a follow-up visit for his right hand. (*Id.* at p.19) On October 15, that request was triaged, but no assessment or plan was completed. (*Id.*) On October 17, Nurse Knight signed that health service request form. (*Id.*)

3

Between October 16 and October 31, nurses made regular rounds in segregation. Again, Mr. Phillips did not voice any health complaints during that time. (*Id*. at pp.20-23)

On October 31, a non-party nurse noted that Mr. Phillips had a "hard splint placed on right wrist secured with ace wrap per Griswold's APN order." (*Id*. at p.23) During his deposition, Mr. Phillips testified that he received medical attention and a splint on October 31. (#102-2 at pp.58-60) Mr. Phillips also explained that he had an active "no duty script" from October 31st through November 20th. (*Id*. at p.65)

Between October 31 and December 5, Mr. Phillips did not voice any health complaints during segregation rounds. (#101-1 at p.23-30) On December 5, Mr. Phillips was transferred to the Randall L. Williams Unit. (*Id*. at p.31)

### C. Deliberate Indifference Claim

A public official's "deliberate indifference to a prisoner's serious illness or injury" violates the Eighth Amendment ban against cruel punishment. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976). "Deliberate indifference" is evidenced, however, only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837. Negligence, even gross negligence, is insufficient to establish liability. *Fourte v. Faulkner County*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)). Moreover, mere disagreement with treatment decisions does not rise to the level of a constitutional violation. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). Stated another way, "[i]n the face of

medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that 'he did not feel' he received adequate treatment." *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997).

Defendants each attached their own declarations to the motion. Defendant Bland testified that she "did not treat Mr. Phillips during that period of time, nor was [she] involved in Mr. Phillips's medical care. Mr. Phillips's name did not appear on the list of patients [she] was to treat during that period of time." (#102-4 at p.1)

Defendant Griswold testified that she "was not aware of Mr. Phillips's concerns regarding his right hand until October 21, 2016," and that he "did not appear on [her] list of patients to treat between September 26, 2016, and December 5, 2016." (#102-3 at p.1)

Defendant Haynes testified that she "did not treat Mr. Phillips during that period of time, nor was [she] involved in Mr. Phillips's medical care." (#102-5 at p.1) She also stated that she "first became aware of Mr. Phillips' issues concerning his right hand through the grievance process on December 1, 2016." (*Id.*)

In his deposition, Mr. Phillips testified that he saw Defendant Griswold only once and "it wasn't even concerning this injury." (#102-2 at p.21) In addition, Mr. Phillips stated that the only Defendant who examined him at the Cummins Unit was Dr. Horan, who has now been dismissed from the lawsuit. (*Id.* at p.23) Furthermore, Mr. Phillips agreed that he had no way of knowing whether Dr. Horan had told Defendant Bland about his need to see a provider. (*Id.* at p.88) Likewise, he admitted that he did not have any proof that Defendant Griswold knew of his need for medical care before issuing him

5

the splint on October 31. (*Id.* at p.90) Finally, Mr. Phillips testified that he sought to hold Defendant Haynes liable based on her response to his grievance. (*Id.* at p.92) He admitted that he could not prove that she had any knowledge of his need for medical treatment before she responded to his grievance on December 1.[2] (*Id.* at pp.93-94)

     Based on this undisputed evidence, no reasonable fact-finder could conclude that the remaining Defendants were either aware of Mr. Phillips's need for medical care, or that they disregarded any such need. That said, it is concerning that Mr. Phillips was not seen by a provider at the Cummins Unit following his x-ray examination. According to the undisputed evidence presented, however, the only Defendant who had knowledge of Mr. Phillips's injury was Defendant Griswold, and she ordered a hard splint for his Mr. Phillips's right wrist. Based on this evidence, Mr. Phillips cannot prove that Defendants Griswold, Bland, or Haynes were deliberately indifferent to his medical needs.

     Finally, Defendants attach the declaration of Jeffrey Stieve, M.D., to support their motion. (#102-6) According to Dr. Stieve, each Defendant provided Mr. Phillips appropriate medical care. (#102-6 at p.3) Mr. Phillips has not come forward with evidence to rebut Dr. Stieve's testimony. His belief that he should have been provided additional medical treatment is insufficient to create a genuine dispute of fact.

---

[2] Mr. Phillips later contradicted his own testimony by saying that, "I feel I have evidence to prove that Ms. Haynes knew of my injury before the date of December 1st, 2016." (#102-2 at p.104) He relies on the grievance appeal paper that indicates it was forwarded to the health services administrator on October 31, 2016. (#5 at p.11) While Mr. Phillips's grievance appeal may have been forwarded to the health services administrator on that date, that document does not establish that Defendant Haynes became aware of Mr. Phillips's right-hand injury on October 31, 2016.

## III.     Conclusion

The Court recommends that the Defendants' motion for summary judgment (#101) be GRANTED. Mr. Phillips's motion for summary judgment (#96) should be DENIED. Accordingly, the case should be DISMISSED, with prejudice.

DATED, this 2nd day of November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE